UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANKLIN W. OSTERHOUDT,<br><br>               Petitioner,<br><br>     v.<br><br>RANDY BLADES, Warden, Idaho State Correctional Center,<br><br>               Respondent. | Case No. 1:16-cv-00053-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Franklin W. Osterhoudt's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that (1) all of Petitioner's claims are procedurally defaulted, (2) all of the claims are untimely, and (3) some of Petitioner's claims are not cognizable. (Dkt. 15.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 11.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing the Petition with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Osterhoudt*, 318 P.3d 636 (Idaho Ct. App. 2013). The facts will not be repeated here except as necessary to explain the Court's decision.

After three trials, Petitioner was convicted by a jury in the Fifth Judicial District in Twin Falls County, Idaho, of rape, incest, and two counts of lewd conduct with a minor under the age of sixteen.[1] *Id*. at 638. Petitioner filed a direct appeal, alleging violations of the Idaho Rules of Evidence and cumulative error. (State's Lodging B-1; B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-5, B-9.)

---

[1] Petitioner's first trial ended in a hung jury. After the jury returned guilty verdicts in the second trial, the court ordered a new trial based on the prosecutor's improper comment, during closing argument, regarding Petitioner's decision not to testify. *Osterhoudt*, 318 P.3d at 639; State's Lodging A-2 at 512-30.

Petitioner then filed a petition for state post-conviction relief. (State's Lodging C-1 at 11-14.) The trial court dismissed the petition, and Petitioner did not file an appeal. (*Id*. at 21-28.)

Petitioner filed a second state post-conviction petition. This petition was not signed by Petitioner, although Petitioner did submit documents designating an agent, who purportedly signed on Petitioner's behalf. (State's Lodging D-1 at 3-26.) The trial court dismissed the petition, and Petitioner did not appeal. (*Id*. at 154-62.)

Petitioner returned to state district court with a third post-conviction petition. (State's Lodging E-1 at 3-6.) The court dismissed the petition, and Petitioner did not appeal. (*Id*. at 145-52.)

Petitioner then filed a fourth post-conviction petition. (State's Lodging F-1 at 3-15.) The state district court dismissed the petition, and—once again—Petitioner did not appeal. (*Id*. at 28-35.) Before the fourth petition was dismissed, the administrative district judge found that Petitioner was a vexatious litigant. (State's Lodging G-1 at 2-5.) The judge later entered a prefiling order prohibiting Petitioner from filing "any new litigation in the courts of this state pro se without first obtaining leave of a judge of the court where the litigation is proposed to be filed." (*Id*. at 11.)

Pursuant to the prefiling order, Petitioner submitted a motion for leave to file a fifth post-conviction petition. (*Id*. at 15-16.) The trial court denied the motion. (*Id*. at 58-59.) Although Petitioner attempted to appeal the denial of the motion, the court dismissed

the notice of appeal because the denial of the motion was not an appealable order. (*Id*. at 60-64.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

| | | |
|---|---|---|
| Claim 1: | | Petitioner's due process rights were violated by the state court's denial of Petitioner's prefiling motion for leave to file his fifth post-conviction petition. |
| Claim 2: | | Petitioner's constitutional rights were violated when he was declared a vexatious litigant. |
| Claim 3: | | Petitioner's trial attorney denied Petitioner his constitutional right to testify. |
| Claim 4(a): | | Law enforcement did not follow proper procedures or conduct an adequate investigation into the crime. |
| Claim 4(b): | | A witness committed perjury at Petitioner's trial. |
| Claim 4(c): | | The lead detective on Petitioner's case was dishonest in conducting search warrants and coaching witnesses. |
| Claim 4(d): | | The prosecution violated Petitioner's rights by allowing the lead detective to sit at the prosecution's table during trial. |
| Claim 4(e): | | The state court improperly allowed the lead detective to listen to the testimony of other witnesses during trial. |
| Claim 4(f): | | Law enforcement mishandled evidence admitted at trial. |
| Claim 4(g): | | The trial court improperly admitted evidence of prior uncharged acts. |
| Claim 4(h): | | The trial court allowed a witness to make a prejudicial statement during her testimony. |

**MEMORANDUM DECISION AND ORDER - 4**

| | |
|---|---|
| Claim 4(*i*): | The trial judge had previous knowledge of the prior uncharged acts. |
| Claim 4(j): | Several different judges presided over Petitioner's hearings and at trial. |
| Claim 4(k): | The prosecutor charged Petitioner maliciously and without supporting evidence. |
| Claim 4(*l*): | The search and arrest warrants were invalid as based on false information. |
| Claim 4(m): | The trial court "allow[ed] the jury to believe petitioner fled to Mexico, which was not allowed at prior trials." |
| Claim 4(n): | The trial court did not make a record of whether Petitioner wished to testify on his own behalf. |
| Claim 4(*o*): | The prosecutor committed misconduct by making prejudicial remarks during trial. |
| Claim 4(p): | The prosecutor committed misconduct by having access to evidence "which clears Petitioner of all charges," yet continuing to pursue a conviction "contrary to evidence." |
| Claim 4(q): | Petitioner is actually innocent. |
| Claim 4(r): | Law enforcement failed to investigate evidence that the victim had sex with another adult. |
| Claim 4(s): | Petitioner's counsel was ineffective by failing to raise the issues identified in Claims 4(a) through 4(r).[2] |
| Claim 4(t): | Petitioner's attorney did not allow Petitioner to testify. This claim appears to be duplicative of Claim 3. |

---

[2] Because of the way in which Petitioner structured his Petition and supporting documents, the Court initially construed Claim 4(s) as alleging ineffective assistance of post-conviction counsel. (Dkt. 7 at 4.) However, as Respondent points out (*see* Dkt. 15-1 at 7 n.5.), Claim 4(s) is more likely an allegation that Petitioner's trial or direct appeal counsel was ineffective, as Claims 4(a) through 4(r) are issues that could have been raised at trial and on direct appeal.

**MEMORANDUM DECISION AND ORDER - 5**

Claim 4(u): Petitioner's trial attorney rendered ineffective assistance by failing to call key witnesses who would have established that the victim was lying.

Claim 4(v): Petitioner's trial counsel requested a mistrial due to several prejudicial comments. It is unclear whether Petitioner is claiming that counsel was ineffective in moving for a mistrial (a Sixth Amendment claim) or that the trial court improperly denied counsel's request for a mistrial (a Fourteenth Amendment claim).

Claim 4(w): Petitioner's trial counsel did not adequately prepare for trial and visited Petitioner "very few times."

Claim 4(x): Petitioner's counsel on direct appeal failed "to include many other appealable issue's [sic]."

(Dkt. 1, 7.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 4-10.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are procedurally defaulted and untimely and that some of the claims are noncognizable. The Court need not address

Respondent's timeliness or cognizability arguments, because the Court finds that all of Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists.

**1.      Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court

by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

2. **Petitioner's Claims Are Procedurally Defaulted**

The most straightforward manner to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

**MEMORANDUM DECISION AND ORDER - 8**

On direct appeal, Petitioner argued only that the admission of evidence at trial violated the Idaho Rules of Evidence. He did not raise any federal claims. (State's Lodging B-1.) Although Petitioner cited his right to a "fair trial" during his cumulative error argument (*id*. at 39), his reference to this "broad constitutional principle[]" is not enough to constitute fair presentation of a federal constitutional claim, *see Hiivala*, 195 F.3d at 1106.

Petitioner did not appeal the state district court's dismissal of his first, second, third, or fourth post-conviction petitions. Therefore, he did not fairly present any of those claims to the Idaho Supreme Court.

Although Petitioner attempted to appeal the trial court's denial of his motion for leave to file a fifth post-conviction petition, that order was not appealable. For the sake of argument, the Court will assume that Petitioner's attempt to appeal would have constituted fair presentation of the claims included the fifth post-conviction petition *if* those claims were otherwise properly before the trial court. However, the trial court denied the motion because Petitioner's proposed fifth post-conviction petition was nothing more than "another successive petition for post-conviction relief." (State's Lodging G-1 at 59.) It is clear, then, that the trial court relied on the successive petitions bar in Idaho Code § 19-4908—which prohibits successive petitions absent a "sufficient reason" why the claims were "not asserted or [were] inadequately raised" in the initial post-conviction petition—in denying Petitioner's prefiling motion.

**MEMORANDUM DECISION AND ORDER - 9**

This Court has held previously that Idaho Code § 19-4908 is an adequate and independent state procedural ground, and Petitioner has not persuaded the Court to reconsider that conclusion. *See, e.g., Gallegos v. Yordy*, No. 1:15-CV-00316-REB, 2016 WL 4186915, at *5 (D. Idaho Aug. 8, 2016); *McCormack v. Baldridge*, No. 1:10-cv-00289-EJL, 2012 WL 4138479, at *5-6 (D. Idaho Sept. 19, 2012). Therefore, Petitioner's fifth post-conviction petition did not properly exhaust any of his federal claims.

Because none of Petitioner's habeas claims was fairly presented to the Idaho Supreme Court, and because it is now impossible to do so, all of Petitioner's claims are procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

3. **Petitioner Has Not Established that the Procedural Default of His Claims Should Be Excused**

The Court's conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. A federal court can still hear the merits of a procedurally-defaulted claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, they are federal procedural arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Petitioner argues that his claims should be heard on the merits because he is actually innocent.[3] (Dkt. 17.) Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653

---

[3] Petitioner does not assert cause and prejudice as an excuse for the default of his claims. Although Petitioner raises ineffective assistance of counsel claims in his Petition (Dkt. 1), he does not separately assert ineffective assistance as cause for the default of any claim (Dkt. 17, 20). Even if he did, however, such an argument would fail. For ineffective assistance of trial or direct counsel to serve cause to excuse a default, that ineffectiveness claim must itself have been separately presented to the state appellate courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."). Petitioner's ineffectiveness claims were not properly exhausted and, thus, cannot constitute cause. Further, Petitioner does not argue that ineffective assistance of counsel, or lack of counsel, in his initial-review collateral proceedings caused the default of a substantial claim of ineffective assistance of trial or direct appeal counsel. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013).

**MEMORANDUM DECISION AND ORDER - 11**

F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

When a district court is considering an actual innocence gateway argument, it has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331-332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Petitioner has not submitted any reliable evidence that he is actually innocent. Based on a thorough review of the entire state court record, the Court cannot conclude it is more likely than not that every reasonable juror would vote to acquit Petitioner. Therefore, Petitioner has not established that a miscarriage of justice would occur if his claims are not heard on the merits, and all of his claims must be dismissed as procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 15) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **January 10, 2017**

Honorable Candy W. Dale
United States Magistrate Judge